IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN HAROLD HOLDS, III,<br><br>Defendant. | Cause No. CR 13-108-BLG-SPW<br><br><br><br>ORDER |

Defendant Holds moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 180-month sentence for second-degree murder. *See* Judgment (Doc. 80). His projected release date is August 16, 2026. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Apr. 12, 2021).

As of April 12, 2021, no inmates and six staff members at FCI Sandstone, Minnesota, where Holds is incarcerated, currently test positive for the virus or disease. Six hundred eighty-four inmates and 47 staff members have recovered, but one inmate died. *See* Interactive Map, www.bop.gov/coronavirus (accessed Apr. 12, 2021).

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court

1

may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and to provide restitution to victims. *See id.* § 3553(a)(A), (6)–(7).

Holds has served about half of his sentence. Allowing for good-conduct time, he seeks a reduction of more than five years. Other than intermittent high

---

[1] The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g., United States v. Aruda*, __ F.3d __, No. 20-10245, slip op. at 11, 2021 WL 1307884 at *4 (9th Cir. Apr. 8, 2021) (per curiam); *see also United States v. McCoy*, __ F.3d __, 2021 WL 1168980 at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

blood pressure, *see* Medical Record (Doc. 86-2 at 16–17), he does not appear to suffer from any of the conditions the Centers for Disease Control deem likely to increase a person's risk of developing severe illness if he contracts COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Apr. 12, 2021).

In addition, at sentencing, Holds received a significant downward variance from the advisory guideline range of 210 to 262 months. *See* Statement of Reasons (Doc. 82) at 1 § III, 3 § VI(C), (D). The variance was warranted, but a further reduction in light of the pandemic is not.

Holds does not show an extraordinary and compelling reason to reduce his sentence to time served, and a reduction would denigrate the seriousness of his offense.

Accordingly, IT IS ORDERED that Holds' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 86) is DENIED.

DATED this 12th day of April, 2021.

*Susan P. Watters*
Susan P. Watters
United States District Court